**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND F. MAMONE, JR. and<br>COLLEEN MAMONE,<br><br>Defendants. | Civil Action No. 21-20339 (RK) (JBD)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff United States of America ("Plaintiff" or "the United States") against Defendant Raymond F. Mamone, Jr. ("Mr. Mamone"). (ECF No. 9.) The Court has considered Plaintiff's Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I.       BACKGROUND

On December 3, 2021, the United States filed this action against Mr. Mamone and his wife, Colleen Mamone ("Mrs. Mamone") (collectively, "Defendants"), seeking to reduce to judgment their joint federal income tax liability for the 2010 tax year. (Complaint, ECF No. 1 ("Compl.").) According to Plaintiff, a delegate of the Secretary of the Treasury assessed the federal income taxes jointly owed by Defendants for the tax period ending on December 31, 2010, notified Defendants of their tax assessment, and demanded payment of same. (*Id.* ¶¶ 6–7; *see also* Ex. 2 to Decl. of Revenue Officer Michelle Hornby ("Hornby Decl."), ECF No. 8-2 ("Mot. for Service by

Publication").) However, despite notice and demand for payment, Defendants have failed to pay the amount due and owing. (Compl. ¶ 8.) As of December 26, 2022, Defendants jointly owe the federal government more than $968,140.78 in unpaid taxes, interest, and statutory additions. (*See* Hornby Decl.)[1]

After the United States filed this action to reduce Defendants' tax obligations to judgment, Mr. Mamone was served with process. (ECF No. 3.)[2] However, Mr. Mamone has not filed an answer and has not otherwise appeared in this action. On June 16, 2022, the United States requested an entry of default as to Mr. Mamone pursuant to Federal Rule of Civil Procedure 55(a), which was entered by the Clerk of Court on June 21, 2022. (ECF No. 6.) Thereafter, the United States filed a Motion for Default Judgment. (ECF No. 9.)

However, on June 22, 2023, the United States filed a Suggestion of Bankruptcy notifying the Court that Mr. Mamone had filed a Chapter 13 petition in the United States Bankruptcy Court for the District of New Jersey. (ECF No. 12.) Mr. Mamone's bankruptcy filing triggered an automatic stay of this case as to Mr. Mamone, and the Court administratively terminated the

---

[1] As of December 20, 2021, Defendants owed $925,328.90 for unpaid federal income taxes, statutory additions, and interest, which has increased to $968,140.78 as of December 26, 2022. (*Compare* Compl. ¶ 10, *with* Hornby Decl. ¶ 6.)

[2] Plaintiff's Motion for Default Judgment pertains only to Mr. Mamone as Plaintiff has not served Mrs. Mamone with process. Plaintiff's process server first attempted to serve Defendants at their last known residence but was unsuccessful. (Mot. for Service by Publication at 2, 4.) An individual answered the door who told the process server that Mrs. Mamone no longer resided there. (*Id.* at 4.) Thereafter, another process server located Mr. Mamone at the location of his auto restoration business and personally served him with the summonses and Complaints for both Defendants. (*Id.* at 3, 4.) However, Plaintiff became aware that the auto restoration business does not serve as a residence and therefore it had not properly effected service on Mrs. Mamone by serving her husband there. (*Id.* at 4.) Thereafter, Plaintiff filed a motion requesting that the Court allow service of Mrs. Mamone by publication in the Star Ledger as well as an additional sixty days to serve her by publication. (*Id.*) The Honorable J. Brendan Day, U.S.M.J., denied Plaintiff's request without prejudice, finding it had not yet shown the diligence necessary to permit service by publication. (ECF No. 11.) As of the time of this Memorandum Opinion, it appears that Mrs. Mamone has not yet been served with process.

Motion for Default Judgment pending resolution of the bankruptcy matter. (ECF No. 13.) On April 3, 2024, the United States notified the Court that the Bankruptcy Court had dismissed Mr. Mamone's case, terminating the automatic stay. (ECF No. 15.) The United States therefore requested that the Court lift the stay and consider the Motion for Default Judgment. (*Id.* at 1–2.) The Court granted Plaintiff's request and reactivated the Motion for Default Judgment, which is now ripe for decision. (ECF No. 16.)

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering a default judgment pursuant to Rule 55(b), a court performs a thorough analysis of a plaintiff's claims and entitlement to relief. *First*, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017). *Third*, the complaint must sufficiently state a cause of action. *See Chanel, Inc.*, 558 F. Supp. 2d at 536 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar.

14, 2006)). *Fourth*, the court must weigh the three default judgment factors: (1) whether the party subject to the default has a meritorious defense, (2) whether the party seeking default would be prejudiced without it, and (3) whether the default resulted from the defendant's culpable conduct. *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)). *Finally*, the plaintiff must have proven damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.   DISCUSSION

### A.   PROPER SERVICE

A court may only enter default judgment against defendants who were properly served. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted). An individual located in the United States may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

The United States filed an affidavit of service signed by process server, Gordon R. Crowell, Jr., demonstrating that Mr. Mamone was personally served on January 28, 2022 at 1249 Pembroke Road, Freemansburg, Pennsylvania 18017. (ECF No. 3 ("SUMMONS Returned Executed").) This

4

is sufficient to establish by a preponderance of the evidence that Mr. Mamone was properly served in compliance with Rule 4. *See Super 8 Worldwide, Inc. v. Kusum, LLC*, No. 13-5603, 2015 WL 7761061, at *3 (D.N.J. Dec. 1, 2015) (affidavits demonstrating that the summonses were returned executed established proper service on individual defendants).

### B. JURISDICTION

The Court next turns to whether it may exercise subject matter jurisdiction over this case and personal jurisdiction over the parties. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1340, which provide that the district courts shall have original jurisdiction "of all civil actions, suits or proceedings commenced by the United States," 28 U.S.C. § 1345, and "of any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340. This action arises under Section 7402 of the Internal Revenue Code, which empowers district courts to, inter alia, "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

The Court may exercise personal jurisdiction over Mr. Mamone because he is domiciled in New Jersey. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."); *United States v. Moore*, No. 16-6054, 2017 WL 3718529, at *2 (D.N.J. Aug. 29, 2017) (finding personal jurisdiction over defendants in an action to reduce tax liability to judgment because defendants were residents of New Jersey).[3]

---

[3] The Court notes that, although an individual informed Plaintiff's process server that Mrs. Mamone no longer resides at Defendants' last known address in New Jersey, the Court finds that Plaintiff has demonstrated that Mr. Mamone is indeed domiciled in New Jersey. First, as noted above, Mr. Mamone's last known address, according to both a Lexis search of public records and the IRS's records, is 50 Winged Foot Lane, Washington, New Jersey 07892. (Decl. of Attorney Ann E. Nash ("Nash Decl."), ECF No. 7-1 ("Response to Order to Show Cause")). Second, since 2019, his wife's W2 and 1099 income statements have listed the address at 50 Winged Foot Lane in Washington, New Jersey. (Hornby Decl. ¶ 12.) Third,

### C. SUFFICIENCY OF COMPLAINT

The third factor the Court must consider is "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008); *see also Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) ("A litigant's failure to state a claim upon which relief may be granted . . . prevents the presiding court from entering a default judgment.").

The Court finds that the United States has established a legitimate cause of action against Mr. Mamone. The Third Circuit has held that income tax "[a]ssessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer." *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000); *see also Freck v. I.R.S.*, 37 F.3d 986, 992 n.8 (3d Cir. 1994) (collecting cases). Here, the United States has demonstrated that federal income tax assessments were made against Mr. Mamone for the 2010 tax year by submitting the Internal Revenue Service (IRS) Account Transcript which is automatically computed by the IRS's Integrated Data Retrieval System (IDRS) and reflects the tax assessment at issue. (*See* Hornby Decl. ¶ 6, Ex. 1.) Absent any argument from Mr. Mamone to the contrary, the Court presumes the tax assessments are valid, and thus the United States has established a legitimate claim against Mr. Mamone to collect the tax

---

the IRS routinely sends balance notices to both Defendants at 50 Winged Foot Lane in Washington, New Jersey by certified mail—the most recent of which was sent on December 26, 2022. (*Id.* at ¶ 13.) These notices were signed for and certified mail receipts returned to the IRS. (*Id.*) Fourth, Mr. Mamone has presented no evidence that he has acquired a new domicile. *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968) ("A domicile once acquired is presumed to continue until it is shown to have been changed."). Absent any argument to the contrary from Mr. Mamone that he no longer resides in New Jersey, the Court finds the record sufficient to establish Mr. Mamone's domicile in this state. *See, e.g., Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008) (evidence of establishing a house of residence, obtaining employment, and filing tax returns suggested a parties' domicile in a state).

liability due and owing. *See Moore*, 2017 WL 3718529, at *2 (finding the United States had stated claims against defendants because tax assessments establish a prima facie case of tax liability).[4]

### D. DEFAULT JUDGMENT FACTORS

Next, the Court considers the three default judgment factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court finds that each of the three factors weighs in favor of entering default judgment in this case.

First, in the absence of any responsive pleading, the Court's review of the Complaint reveals no meritorious defense open to Mr. Mamone. *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012) ("assum[ing] that the Defendants have no litigable defenses available" because they "have not filed anything with the Court," "have offered no defense," and "the facts asserted in the complaint do not contain any information that could provide the basis for a meritorious defense"); *see also Rose Containerline, Inc. v. Omega Shipping Co.*, No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (same); *Carpenters Health & Welfare Fund of Philadelphia v. NDK Gen. Contractors, Inc.*, No. 06-3283, 2007 WL 1018227, at *1 (E.D. Pa. Mar. 29, 2007) ("Defendant has filed no responsive pleading and the record before the court does not reveal any 'litigable defense.' The court must therefore presume that defendant has none.").

---

[4] The Court also notes that the United States' claim against Defendants does not depend on Mrs. Mamone's appearance in this action. When a married couple files a joint tax return, "the liability with respect to the tax shall be joint and several"—meaning each spouse may be liable for the full amount due and owing. 26 U.S.C. § 6013(d)(3). Accordingly, Mr. Mamone is liable for the full amount of Defendants' joint federal income tax liability for the 2010 tax year.

Second, the United States would suffer prejudice if default judgment was denied. This case has been pending since 2021. While it was stayed for approximately nine months while Mr. Mamone's bankruptcy proceeding was pending, Mr. Mamone was served over two years ago and yet has failed to appear or defend himself in any manner. *See E.A. Sween Co. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) (finding prejudice to plaintiff where defendant had been served seven months prior and had failed to appear). Moreover, absent default judgment, the United States would have no other means of obtaining relief. *Moore*, 2017 WL 3718529, at *5; *see also United States v. Cruz*, No. 20-3903, 2021 WL 1884862, at *2 (D.N.J. May 11, 2021) ("Because Defendants failed to answer the Complaint, the Government cannot vindicate its claim against Defendants . . . ."); *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant.").

Finally, the Court finds Mr. Mamone responsible for his failure to appear in this litigation because "there is nothing before the Court to show that [Mr. Mamone's] failure to file an answer was not willfully negligent." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023, at *4; *Cruz*, 2021 WL 1884862, at *2 ("Defendants['] failure to answer or otherwise respond to the Complaint, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part."); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[T]here was nothing before the Court to suggest that anything other than [defendant's] willful negligence caused her failure to file an answer, and she was therefore culpable."). Accordingly, each of the three default judgment factors militates in favor of entering default judgment against Mr. Mamone.

### E. DAMAGES

Finding default judgment warranted, the Court turns to the issue of damages. As noted above, while the factual allegations of a complaint are taken as true on a motion for default judgment, a plaintiff must prove the amount of damages with certainty. *Comdyne*, 908 F.2d at 1149. In order to determine whether a plaintiff has sufficiently proven damages, Rule 55(b) permits the Court to "conduct such hearings or order such references as it deems necessary and proper." *Id.* (quoting Fed. R. Civ. P. 55(b)(2)). However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment," *Trucking Emps. of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citation and quotation marks omitted), such as when "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages, *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2– 3 (D.N.J. July 17, 2013) (citation omitted); *see also Comdyne*, 908 F.2d 1142 at 1149 (citation omitted) (damages sought at default judgment should be for a "sum certain or for a sum which can by computation be made certain . . . .").

In the instant action, Plaintiff has proven the amount of its damages with certainty. Plaintiff provided the following assessment chart summarizing Mr. Mamone's tax liability as of December 26, 2022:

| Tax Year | Date of First Assessment | Amount of First Assessment | Balance Due |
|----------|--------------------------|----------------------------|-------------|
| 2010 | 12/05/2021 | $544,916.00 | $968,140.78 |

(Hornby Decl. ¶ 6.) The United States also provided the detailed Account Transcript which reflects itemized interests, penalties, and costs for Mr. Mamone's tax deficiency. (ECF No. 8-3, Ex. 1.)[5] The United States explained that it is owed statutory interest, which is set at a quarterly rate and is compounded daily in accordance with 26 U.S.C. §§ 6621 and 6622 and is calculated automatically by IDRS.[6] (Hornby Decl. ¶ 10; ECF No. 9 at 4.) Courts in this district have found this kind of information to be sufficient to establish damages in tax liability cases. *Compare Grossman*, 2016 WL 3751949, at \*2 (damages are certain where United States provided itemized amounts for unpaid federal income taxes, statutory costs and penalties pursuant to 26 U.S.C. §§ 6321 and 6651, and statutory interest pursuant to 26 U.S.C. §§ 6621 and 6622), *and United States v. Master Fire Prot.*, No. 16-8755, 2018 WL 456026, at \*3 (D.N.J. Jan. 17, 2018) (finding information contained in Account Transcripts and IRS revenue officer declaration sufficient to establish damages with certainty), *with Moore*, 2017 WL 3718529, at \*6 (damages are not certain where United States sought an unspecified amount in interest, penalties, and costs without explaining the amount or statutory authorization for same). Based on the foregoing, the Court finds that the amount requested by the United States is a "sum certain or for a sum which can by computation be made certain." *Comdyne*, 908 F.2d at 1149.

---

[5] The United States is entitled to interest, penalties, and costs pursuant 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States") and 26 U.S.C. § 6651 (penalties may be imposed on individuals who fail to pay taxes, in addition to the original amount of taxes).

[6] Section 6621 establishes the interest rates for unpaid taxes: "the interest rate for each calendar quarter is the federal short-term rate for the first month of that quarter, plus three percent, rounded to the nearest full percent." *See United States v. Grossman*, No. 15-2843, 2016 WL 3751949, at \*2 (D.N.J. July 13, 2016) (citing 26 U.S.C. §§ 6621(a)(2), (b)(2)(A), and (b)(3)). Section 6622 establishes that in computing the amount of interest paid pursuant to the Internal Revenue Code, "such interest and such amount shall be compounded daily."

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment, (ECF No. 9), is **GRANTED**, and the Court enters default judgment against Raymond F. Mamone, Jr. Judgment is **ENTERED** in favor of the United States and against Mr. Mamone in the amount of $968,140.78 as of December 26, 2022, together with all interest and penalties that will continue to accrue pursuant to statute after that date, with respect to Mr. Mamone's unpaid federal income tax liabilities for the federal tax year 2010.

\
\
_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: May 17, 2024