NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND F. MAMONE, JR. and<br>COLLEEN MAMONE,<br><br>Defendants. | Civil Action No. 21-20339 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Default Judgment (the "Motion") filed by Plaintiff United States of America ("the United States") against Defendant Colleen Mamone ("Mrs. Mamone"). (ECF No. 22.) The Court has considered the United States' Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the United States' Motion is **DENIED** without prejudice.

**I.     BACKGROUND**

    In this action, the United States seeks to collect unpaid federal taxes assessed against Mrs. Mamone and her husband, Raymond F. Mamone, Jr. ("Mr. Mamone") (together, "Defendants") for the 2010 tax year.[1] (ECF No. 1 at 1.) On May 17, 2024, this Court entered default judgment against Mr. Mamone in the amount of $968,140.78 with respect to his and Mrs. Mamone's unpaid

---

[1] A more-detailed history of this case as it relates to Mr. Mamone and the calculation of Defendants' tax liability can be found in this Court's May 17, 2024 Memorandum Opinion granting default judgment against Mr. Mamone. (ECF No. 17.)

federal income tax liabilities for the federal tax year ending on December 31, 2010.[2] (ECF No. 18; ECF No. 1 ¶ 6.) At the time, the United States was unable to pursue default judgment against Mrs. Mamone—who has not appeared in this action to date—due to issues with service of process.

More specifically, after the United States filed this action to reduce Defendants' tax obligations to judgment on December 3, 2021, Mr. Mamone was served with process at his auto restoration business. (ECF No. 3; ECF No. 7-1 ¶¶ 7–8.) However, when attempting to serve Mrs. Mamone at Defendants' last known address according to public records[3] at 50 Winged Foot Lane, Washington, New Jersey 07882 ("Winged Foot Lane"), the homeowner named Britney informed the process server that Mrs. Mamone did not reside at the address. (ECF No. 7-1 ¶ 6.)

The United States thereafter filed a motion requesting that the Court allow service of Mrs. Mamone by publication. (ECF No. 8.) The Honorable J. Brendan Day, U.S.M.J., denied the motion without prejudice, finding the United States had not yet shown the diligence necessary to permit service by publication. (ECF No. 11.) For example, Judge Day noted that a cursory Google search revealed that Mrs. Mamone may actually reside at an address in Branchburg, New Jersey. (*Id.* at 6.)

Heeding Judge Day's ruling, the United States filed a new proof of service for Mrs. Mamone on December 9, 2024. (ECF No. 19.) A declaration filed by Anna A. Miller, a trial

---

[2] When a married couple files a joint tax return, "the liability with respect to the tax shall be joint and several"—meaning each spouse may be liable for the full amount due and owing. 26 U.S.C. § 6013(d)(3). Accordingly, Mr. Mamone was liable for the full amount of Defendants' joint federal income tax liability for the 2010 tax year.

[3] The United States reviewed a "Lexis search of public records and the IRS's records." (ECF No. 7-1 ¶ 4.) It explained that W2 and 1099 income statements since 2019 issued for Mrs. Mamone listed her address at Winged Foot Lane, (ECF No. 8-2 ¶ 12), and the Internal Revenue Service ("IRS") "routinely sen[t] balance due notices to [Mrs. Mamone] at [Winged Foot Lane] by certified mail, and the mail [wa]s signed for, and certified mail receipts [were] returned to the IRS, (*id.* ¶ 13).

attorney with the U.S. Department of Justice, Tax Division (the "Miller Declaration"), stated that "[a]ccording to IRS records, New Jersey Motor Vehicle Commission records, and a Lexis search of public records, M[r]s. Mamone's last known address" was at Winged Foot Lane. ("Miller Decl.," ECF No. 19-1, ¶ 5.) A process server attempted to serve Mrs. Mamone at Winged Foot Lane on seven different occasions,[4] but no one answered the door on any of the attempts. (*Id.* ¶¶ 5–6.) On November 18, 2023, a process server also attempted to serve Mrs. Mamone at the Branchburg address identified by Judge Day— 307 Bebe Court, Branchburg, NJ 08853 ("Branchburg Residence"). (*Id.* ¶ 7.) A person living at the Branchburg Residence informed the process server that Mrs. Mamone did not reside there. (*Id.*)

Having failed to personally serve Mrs. Mamone, the United States turned to service via certified mail and regular mail pursuant to New Jersey state rules governing service of process. (*Id.* ¶ 8.) On April 5, 2024 and June 28, 2024, the United States mailed the summons and complaint "by both certified mail, return receipt requested, and by regular mail" to Winged Foot Lane. (*Id.* ¶¶ 9–10.) With respect to the April 5, 2024 mailing, "[a]n individual picked up this piece of mail at the U.S. Post Office on April 15, 2024." (*Id.* ¶ 9; *see* ECF No. 19-2.) With respect to the June 28, 2024 mailing, the "piece of mail was left with an individual" at Winged Foot Lane on July 5, 2024. (*Id.* ¶ 10; *see* ECF No. 19-3.)

Despite the United States' diligent efforts to effectuate service, Mrs. Mamone has not filed an answer and has not otherwise appeared in this action to date. On December 13, 2024, the United States requested an entry of default as to Mrs. Mamone pursuant to Federal Rule of Civil Procedure

---

[4] A process server visited Winged Foot Lane on (i) August 11, 2023; (ii) August 12, 2023; (iii) August 13, 2023; (iv) April 30, 2024; (v) May 3, 2024; (vi) May 5, 2024; and (vii) May 7, 2024. (Miller Decl. ¶ 5.)

55(a), which was entered by the Clerk of the Court on December 16, 2024. (ECF No. 20.) Thereafter, the United States filed the instant Motion for Default Judgment. (ECF No. 22.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering a default judgment pursuant to Rule 55(b), a court performs a thorough analysis of a plaintiff's claims and entitlement to relief. Important to the disposition of the present Motion, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Indeed, a court may only enter default judgment against a defendant who has been properly served with process. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist*, 756 F.2d at 19). The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted).

An individual located in the United States may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). In addition, such an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

"The primary method of obtaining *in personam* jurisdiction over a defendant in [New Jersey] is by causing the summons and complaint to be personally served within this State pursuant to [N.J. Ct.] R. 4:4-3."[5] N.J. Ct. R. 4:4-(a). New Jersey Court Rule 4:4-3(a) states in relevant part:

> If personal service cannot be effected *after a reasonable and good faith attempt*, which shall be described with specificity in the proof of service required by [N.J. Ct.] R. 4:4-7, *service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant* or a person authorized by rule of law to accept service for the defendant . . . The party making service may, at the party's option, make service

---

[5] The United States improperly relies on New Jersey Court Rule 4:4-4(b)(1)(C) in its proof of service. (*See* Miller Decl. ¶ 8 ("Given the multiple failed attempts to personally serve Ms. Mamone at the Winged Foot Lane address, I attempted to serve her by mailing a copy of the summons and complaint by certified mail, return receipt requested, and simultaneously by regular mail, pursuant to N.J. Ct. R. 4:4-4(b)(1)(C).").) However, "[b]ecause [P]laintiff served [Mrs. Mamone] within New Jersey, service by mail was governed by [New Jersey Court Rule] 4:4–3(a) rather than [New Jersey Court Rule] Rule 4:4–4(b)(1)(c)." *U.S. Bank Nat. Ass'n v. Curcio*, 130 A.3d 1269, 1277 (N.J. Super. Ct. App. Div. 2016); *see Resol. Mgmt. Consultants, Inc. v. Design One Bldg. Sys. Inc.*, No. 23-1289, 2024 WL 4471728, at *4 (3d Cir. Oct. 11, 2024) ("When a defendant cannot be personally served *in state* 'despite diligent effort and inquiry,' as shown by an affidavit complying with New Jersey Court Rule 4:4-5(b), a plaintiff may use 'substituted or constructive service' *to serve them out of state*." (emphasis added) (citing N.J. Ct. R. 4:4-4(b)(1))). *Germinario v. RAM Payment, L.L.C.*, No. 19-15164, 2020 WL 1910335, at *3 (D.N.J. Apr. 20, 2020) ("If a defendant cannot be served in New Jersey by any method contained in N.J. Court Rule 4:4-3, [New Jersey Court Rule 4:4-4] explain[s] the process for service on a defendant *who is located outside of New Jersey*." (emphasis added)). Nonetheless, the United States' "citation to the wrong rule in [its] proof of service should not . . . defeat[] service of process." *Price v. 39th St. Dev., LLC*, No. A-0198-08T2, 2009 WL 1506805, at *3 (N.J. Super. Ct. App. Div. June 1, 2009). Even if New Jersey Court Rule 4:4-4(b)(1)(C) *did* apply, the Court's stated concerns herein regarding the United States' failure to provide the Court with a certified mail return receipt are still fatal to the Motion at this time.


> simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. Mail may be addressed to a post office box in lieu of a street address only as provided by R. 1:5-2. Return of service shall be made as provided by [N.J. Ct.] R. 4:4-7.

N.J. Ct. R. 4:4-3(a) (emphasis added). New Jersey Court Rule 4:4-7 goes on to state in relevant part:

> Where service is made by registered or certified mail and simultaneously by regular mail, *the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof.* A party making service by registered or certified mail and simultaneously by regular mail may file a photocopy of the return receipt card in lieu of the original return receipt card as the proof of service but only if the original is unavailable.

N.J. Ct. R. 4:4-7 (emphasis added).

### III.   DISCUSSION

After reviewing the Miller Declaration, the Court is satisfied that the United States made a "reasonable and good faith attempt" at effectuating personal service on Mrs. Mamone at Winged Foot Lane before resorting to service by mail. (*See generally* Miller Decl.) The United States reviewed IRS records, New Jersey Motor Vehicle Commission records, and a Lexis search of public records in determining that Mrs. Mamone's last known address appeared to be at Winged Foot Lane. (*Id.* ¶ 5.) A process server attempted to serve Mrs. Mamone at Winged Foot Lane *eight separate times* and even attempted to serve her once at the alternative Branchburg address. (*Id.* ¶¶ 5–7; ECF No. 7-1 ¶ 6.) Indeed, "[g]enerally, three attempts at making personal service on a defendant is sufficient to show a 'reasonable and good faith attempt' as required under N.J. Ct. R. 4:4-3(a) before effecting service by mail." *Beniquez v. Atl. Supply, LLC*, No. 22-06198, 2024 WL 4903599, at *4 (D.N.J. Nov. 25, 2024).

However, the Court is *not* satisfied that the United States complied with the requirements of New Jersey Court Rule 4:4-7. As part of its proof of service, the United States was required to file "the return receipt card, or the printout of the electronic confirmation of delivery, *which shall include an image of the recipient's signature*, provided by the U.S. Postal Service, or *the unclaimed registered or certified mail*." N.J. Ct. R. 4:4-7 (emphasis added). While the United States attaches two electronic printouts from "USPS Tracking" that confirm the United States' mailings were delivered to and picked up by an individual, neither printout appears to include the equivalent of a return receipt, whether that be a return receipt card or an image of the recipient's signature on the electronic confirmation.[6] (*See* ECF Nos. 19-2, 19-3.) What's more, upon the Court's own investigation of the mailings' tracking numbers on the USPS Tracking website, neither mailing appears to have included the feature of return receipt requested. 70122920000026671898, USPS Tracking, *https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70122920000026671898%2C* (last visited May 29, 2025) (listing under "Features" of the mailing only "Certified Mail"); 70122920000026681354, USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70122920000026681354%2C (last visited May 29, 2025) (same). *See also Richardson v. Cascade Skating Rink*, No. 19-08935, 2021 WL 1259669, at *2 (D.N.J. Apr. 6, 2021) ("Plaintiff failed to check that 'return receipt' was requested and submit a return receipt with the Court."); *Fin. Servs. Vehicle Tr. by & through BMW Fin. Servs. NA, LLC v. Keitt*, No. 23-23188, 2024 WL 5395875,

---

[6] The United States hypothetically could have shown effective service "if the addressee refuse[d] to claim or accept delivery of registered mail and if the ordinary mailing [wa]s not returned." N.J. Ct. R. 4:4-3(a). Because the mailings appear to have been accepted, this provision is inapplicable.

7

at *2 (D.N.J. June 11, 2024) ("Notably, the exhibit including proof of the certified mailing does not include any evidence that the return receipt service was requested from the USPS.").

In *Wingate Inns Int'l, Inc. v. Hanna G.N. Corporation, et al.*, a court in this District denied a motion for default judgment without prejudice where a plaintiff "failed to include as part of the proof of service, the return receipt card or other confirmation of delivery, which is required under . . . New Jersey . . . law." No. 21-4715, 2022 WL 154398, at *2 (D.N.J. Jan. 18, 2022). The court in *Wingate* noted, "[w]hile the Court is mindful that N. J. Ct. R. 4:4-7 expressly provides that the '[f]ailure to make proof of service does not affect the validity of service,' there is no indication whether Defendants actually received a copy of the Summon[s] and Complaint." *Wingate Inns Int'l*, 2022 WL 154398, at *2. Such is the case here, where even though the United States' public records search suggests Mrs. Mamone resides at Winged Foot Lane, (*see* Miller Decl. ¶ 5), the United States' process server was told by the purported homeowner there that Mrs. Mamone *did not* reside at that address (ECF No. 7-1 ¶ 6). Without the return receipt, there is nothing definitive in the record to demonstrate that Mrs. Mamone actually received the complaint and summons. In strictly applying the rules related to service of process, the Court is mindful both that entries of default are disfavored *and* that it is the United States' burden to show proper service by a preponderance of the evidence—a burden it has failed to meet by solely relying on its review of public records to presume its mailings to Winged Foot Lane were received by Mrs. Mamone. Accordingly, the Court **DENIES** the United States' Motion for Default Judgment. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) ("[T]he entry of a default judgment without proper service of a complaint renders that judgment void.").

Therefore, **IT IS** on this 29th day of May, 2025,

**ORDERED** that the United States' Motion for Default Judgment, (ECF No. 22), is **DENIED** without prejudice, and it is further

**ORDERED** that within thirty (30) days the United States may either (i) re-file its Motion with proper proof of service, or (ii) re-serve Mrs. Mamone in accordance with the Federal Rules of Civil Procedure and, as relevant, the New Jersey Rules of Court; and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 22.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**ROBERT KIRSCH**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated: May 29, 2025