NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 21-20339 (RK) (JBD) |
| RAYMOND F. MAMONE, JR. and COLLEEN MAMONE, | **MEMORANDUM ORDER** |
| Defendants. | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff the United States of America ("Plaintiff" or "the United States") against Defendant Colleen Mamone ("Mrs. Mamone") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). ("Motion," ECF No. 32.)

Mrs. Mamone is the only remaining Defendant in this action, following this Court's entry of default judgment against her husband, Raymond F. Mamone, Jr. ("Mr. Mamone"), on May 17, 2024 in the amount of $968,140.78. ("2024 Opinion," ECF No. 17; *see* ECF No. 18.) The United States now seeks default judgment against Mrs. Mamone upon the same cause of action, ("Compl.," ECF No. 1), identical proofs, (ECF Nos. 8-3, 8-4; *see* ECF Nos. 8-2, 32-2), and for the same reasons, (ECF Nos. 9, 32).[1]

---

[1] On December 3, 2021, the United States filed this action against Mr. and Mrs. Mamone, seeking to collect unpaid federal taxes jointly owed by Defendants for the 2010 tax year. ("Compl.," ECF No. 1.) Plaintiff was initially unable to serve Mrs. Mamone, but properly served Mr. Mamone, who in turn failed to answer or otherwise appear in this action for years. (*See* ECF No. 17 at 1–3; ECF No. 23 at 2–3.) Plaintiff previously established entitlement to default judgment against Mr. Mamone, which the Court granted in a thorough Memorandum Opinion and Order issued May 17, 2024. (*See generally* 2024 Opinion.) Since then, Plaintiff

**WHEREAS** a movant seeking default judgment under Rule 55(b)(2) must establish that: the Court has both subject matter jurisdiction over the dispute and personal jurisdiction over the defaulting defendant, the defendant was properly served, the complaint sufficiently states a cause of action, and the three default judgment factors[2] support the entry of default judgment, *Farmlind Produce, LLC v. Sickles Mkt., LLC*, No. 24-3746, 2024 WL 3509488, at *4 (D.N.J. July 23, 2024), and

**WHEREAS** a movant for default judgment under Rule 55(b)(2) must prove, typically by "detailed affidavits and documentary evidence," why the amount of damages requested for any legally viable claim is correct, *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2–3 (D.N.J. July 17, 2013); *see Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that no damages hearing is required at default judgment if the movant supports its request "for a 'sum certain or for a sum which can by computation be made certain'" (quoting Fed. R. Civ. P. 55(b)(1))), and

**THE COURT FINDS** as follows, upon careful consideration of Plaintiff's unopposed Motion and accompanying submissions:

1. The Court has subject matter jurisdiction over this case. *See* 28 U.S.C. § 1345 (granting district courts original jurisdiction over "all civil actions, suits or proceedings commenced by the United States"); *id.* § 1340 (granting district courts original

---

has properly served Mrs. Mamone—and in the seven months since, Mrs. Mamone, like her husband, has failed to appear or defend herself in any manner. (ECF No. 29); *see infra* ¶¶ 3–4. Plaintiff is entitled to default judgment against Mrs. Mamone as against Mr. Mamone, for all the same reasons as explained in detail in the Court's 2024 Opinion, which the Court incorporates herein.

[2] Courts in the Third Circuit weigh three default judgment factors: "(1) whether the party subject to the default has a meritorious defense, (2) whether the party seeking default would be prejudiced without it, and (3) whether the default resulted from the defendant's culpable conduct." (ECF No. 17 at 4 (citing *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021)).)

jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue"); 26 U.S.C. § 7402(a) (conferring jurisdiction upon district courts to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"); (2024 Opinion at 5).

2. The Court has personal jurisdiction over Mrs. Mamone, as she is domiciled in New Jersey. (Compl. ¶ 4; *see* ECF No. 29 at 2); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."); *United States v. Guggenheim*, No. 18-16242, 2020 WL 1914914, at *2 (D.N.J. Apr. 20, 2020) (granting default judgment in favor of United States and finding personal jurisdiction requirement satisfied "because the Complaint alleges Defendant resides in this District"); (*see also* 2024 Opinion at 5 & n.3 (citing *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968); *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008)).[3]

3. Plaintiff has established by a preponderance of the evidence that Mrs. Mamone was properly served in compliance with Rule 4. (ECF No. 29 (affidavit of service signed by process server providing that Mrs. Mamone was personally served on November 21, 2025); ECF No. 30-1 ¶ 2 (declaration of United States Department of Justice Attorney Anna A. Miller stating the same)); *see* Fed. R. Civ. P. 4(e)(2)(A) (providing that an individual located in the United States may be served by "delivering a copy of the

---

[3] *See also United States v. Moore*, No. 16-6054, 2017 WL 3718529, at *2 (D.N.J. Aug. 29, 2017) (finding personal jurisdiction over defendants in action to reduce tax liability to judgment because defendants were residents of New Jersey); *Meenaxi Enter., Inc. v. Shakti Grp. USA LLC*, No. 22-7383, 2023 WL 7181433, at *4 n.1 (D.N.J. Nov. 1, 2023) ("Although the Court can exercise general personal jurisdiction over the four Defendants here, other bases for personal jurisdiction exist as well. The Court likely can exercise personal jurisdiction over the individual Defendants because they were personally served in New Jersey." (citing Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); N.J. Ct. R. 4 :4-4(a))).

summons and of the complaint to the individual personally"); *Farmlind Produce*, 2024 WL 3509488, at *4 ("[A]ffidavits demonstrating that the summonses were returned executed established proper service." (citing *Super 8 Worldwide, Inc. v. Kusum, LLC*, No. 13-5603, 2015 WL 7761061, at *3 (D.N.J. Dec. 1, 2015))).

4. Mrs. Mamone has failed to answer Plaintiff's Complaint or otherwise appear in this action, and the Clerk of the Court entered default against her on March 3, 2026. (Docket Entry dated Mar. 3, 2026); *see* Fed. R. Civ. P. 55(a).

5. The United States has established a legitimate cause of action against Mrs. Mamone. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536–37 (D.N.J. 2008). The Third Circuit has held that income tax "[a]ssessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer." *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000); *see also Freck v. IRS*, 37 F.3d 986, 992 n.8 (3d Cir. 1994) (collecting cases). Here, the United States has submitted a declaration by Michele Hornby, Revenue Officer with the Internal Revenue Service ("IRS"), declaring that federal income tax assessments were made against Mrs. Mamone for the 2010 tax year.[4] ("IRS Decl.," ECF No. 32-2; *see id.* ¶ 6 (citing ECF No. 8-3 (Defendants' IRS Account Transcript reflecting tax assessment at issue)).) Absent any argument from Mrs. Mamone to the contrary, it appears that the tax assessments are valid, and thus the

---

[4] As the Court previously explained with respect to Mr. Mamone, "the United States' claim against Defendants does not depend on [either defendant's] appearance in this action. When a married couple files a joint tax return, 'the liability with respect to the tax shall be joint and several'—meaning each spouse may be liable for the full amount due and owing." (2024 Opinion at 7 n.4 (quoting 26 U.S.C. § 6013(d)(3)).) Accordingly, Mrs. Mamone is fully liable, as a matter of law, in this action to reduce to judgment Defendants' joint federal income tax liability for the 2010 tax year, for the same reasons (and upon the same supportive evidence) as her husband. (*See id.* at 6–7; Compl. ¶¶ 6–10; IRS Decl. ¶¶ 6–7; ECF Nos. 8-2, 8-3, 8-4); *see also Comdyne*, 908 F.2d at 1149 (explaining that well-pleaded complaint allegations as to liability are deemed admitted upon defendant's default).

United States has established a legitimate claim against Mrs. Mamone to collect the tax liability due and owing. *See Moore*, 2017 WL 3718529, at *2 (granting default judgment as to liability and finding that United States had stated claims against defendants because IRS assessments of tax liability establish a prima facie case of tax liability); (2024 Opinion at 6–7).

6. All default judgment factors support the entry of default judgment against Mrs. Mamone. The Court's prior analysis as to each default judgment factor applies with equal force to Mrs. Mamone, and the Court incorporates that analysis herein. (2024 Opinion at 7–8 ("First, in the absence of any responsive pleading, the Court's review of the Complaint reveals no meritorious defense open to Mr[s]. Mamone. . . . Second, the United States would suffer prejudice if default judgment was denied. This case has been pending since 2021. . . . Finally, the Court finds Mr[s]. Mamone responsible for [her] failure to appear in this litigation because 'there is nothing before the Court to show that [Mrs. Mamone's] failure to file an answer was not willfully negligent.'" (collecting cases)); *see* Motion at 2–4.)

7. Plaintiff has shown, through "detailed affidavits and documentary evidence," *Simone*, 2013 WL 3772532, at *2–3, entitlement to sum certain damages against Mrs. Mamone, as against Mr. Mamone, totaling $968,140.78 as of December 26, 2022,[5] together with all interest and penalties that will continue to accrue pursuant to statute after that date

---

[5] When the United States filed suit in December 2021, Defendants owed $925,328.90 in unpaid federal income taxes, statutory additions, and statutory interest, all stemming from the 2010 tax year. (Compl. ¶¶ 6–10.) Defendants' outstanding balance increased to $968,140.78 as of December 26, 2022. (IRS Decl. ¶¶ 6–7; *see* Motion at 2–3 (citing Compl. at 2).)

until Defendants have fully paid their federal income tax liabilities for the 2010 tax year.[6] (*See* IRS Decl. ¶¶ 6–7 (citing ECF No. 8-3); Compl. ¶¶ 6–10.)

Accordingly, for the foregoing reasons and other good cause shown, **IT IS** on this 2nd day of July, 2026,

**ORDERED** that default judgment is **GRANTED** in favor of Plaintiff the United States of America against Defendant Colleen Mamone; and it is further

**ORDERED** and **ADJUDGED** that judgment be, and hereby is, entered in favor of Plaintiff against Defendants, jointly and severally, in the amount of $968,140.78 as of December 26, 2022, together with all interest and penalties that will continue to accrue pursuant to statute after that date, with respect to Defendants' unpaid federal income tax liabilities for the federal tax year 2010; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 32) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at ECF No. 32; and it is further

---

[6] Given Mr. and Mrs. Mamone's joint and several liability for the full amount owed, *see* 26 U.S.C. § 6013(d)(3); *supra* note 4, the same affidavit and documentary evidence supports Plaintiff's damages claim against Mrs. Mamone as supported Plaintiff's claim against Mr. Mamone, (*see generally* IRS Decl. (declaration of IRS Revenue Officer describing federal income taxes and statutory additions to tax assessed against Defendants for the 2010 tax year); ECF Nos. 8-2 (same, and further detailing calculation of interest, penalties, and costs pursuant to statute), 8-3 (detailed IRS Account Transcript reflecting itemized interests, penalties, and costs for Defendants' tax deficiency), 8-4 (IRS balance notices mailed to Defendants setting out itemized outstanding balance as of December 2022 and explaining interest charges, penalties, and costs)). Indeed, the evidence the Court relied on in assessing damages owed by Mr. Mamone had been submitted in support of an earlier motion for default as to *Mrs.* Mamone. (*See* 2024 Opinion at 9–10 (citing ECF Nos. 8-2, 8-3).) The Court incorporates its prior analysis and again finds that the United States "has proven the amount of its damages with certainty," (*id.* at 9), including its entitlement to interest, penalties, and costs associated with Mrs. Mamone's tax liability, (*id.* at 10 & nn.5–6 (citing 26 U.S.C. §§ 6321, 6621, 6651 and collecting cases)); *see United States v. Grossman*, No. 15-2843, 2016 WL 3751949, at *2 (D.N.J. July 13, 2016) ("The interest rate [for unpaid taxes] for each calendar quarter is the federal short-term rate for the first month of that quarter, plus three percent, rounded to the nearest full percent. Interest under the statute [26 U.S.C. § 6622] is compounded daily." (citations omitted)).

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**